## STATE v. PETER GAFFERY.

The prisoner was charged with having committed larceny of the property of *Mary Buckley*. Proof having been adduced that she was a married woman and that the goods stolen were bought by her while residing with her husband, it was *held*, that the Judge should have charged the jury, that all property bought during the existence of the marriage is presumed to belong to the community.

For any larceny committed against the property of the community, the chattels stolen should be alleged to be the property of the community.

Proof that the chattels belonged to the community, will not sustain the charge that the same belonged to the wife.

The presumption of ownership by the husband might be rebutted by the State by showing that the wife was separate in property from her husband, or that the property was bought in her own name by the wife with her paraphernal funds, or that the husband had himself transferred the goods to the wife for the purpose of replacing her paraphernal effects.

APPEAL from the First District Court of New Orleans, *Robertson*, J.

*E. W. Moise*, Attorney General, for the State. *A. P. Field*, for defendant and appellant.

MERRICK, C. J. This is a prosecution upon an information for larceny.

Proof having been adduced that *Mary Buckley*, the person from whom the goods were alleged to have been stolen, was a married woman, and that the goods were bought by the wife whilst residing in the house with her husband, the counsel for the accused requested the court to charge the jury, that if they believed from the evidence that *Mary Buckley* was at the time of the alleged larceny a married woman living with her husband and not separated in property, in contemplation of law, the property stolen was the property of the husband and not of the wife, and should have been alleged as the property of the husband. But the court, as it appears by the bill of exceptions, considering that the common law of England was without application as to a question of property in Louisiana, refused to charge as requested and, on the contrary, charged the jury if they believed that the wife bought the property, although she was living with the husband at the time that the charge was properly laid as the property of the wife.

The court erred. It is true that the common law of England has no application to a question of ownership of property acquired in this State, and the court was justified in refusing to look to that system in order to ascertain whether the husband or the wife was the owner of the chattels alleged to have been stolen. But testing the question by our own law, the charge requested ought not to have been entirely refused, nor should the Judge have given the charge in the form in which it was done.

As the Judge did not see fit during the trial to direct an amendment to be made as now authorized by the Statute of 1855, p. 171, sec. 1, the jury ought to have been informed that all property bought during the existence of the marriage, by either the husband or the wife, is presumed to belong to the community; that the husband is the head and master of the community, and for any larceny committed against the property of the community, the chattels stolen should be alleged to be the property of the husband, and that the proof that they belonged to the community, will not sustain a charge that the same belonged to the wife. And the jury should have been further charged that the

34

presumption that the property bought by the wife, during the existence of the marriage, belonged to the community, might be rebutted by the State, by showing that the wife was separate in property from her husband, or that the property was bought in her own name by the wife with her paraphernal funds, or that the husband had himself transferred the goods to the wife for the purpose of replacing her paraphernal effects alienated by him; and that the burden of proof is upon the State to rebut the presumption of ownership by the husband, by showing the above or similar exceptional facts or circumstances, making the property stolen the separate property of the wife.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the verdict of the jury be set aside, and that the cause be remanded to the lower court for a new trial, with directions to that court to be governed by the views herein expressed, and otherwise proceed according to law.